hrk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHELLE TAYLOR, DONTEL TAYLOR, YOLANDA TILLMON, & ROBIN WARD,<br><br>      Plaintiffs,<br><br>v.<br><br>RED DEVELOPMENT, LLC, KANSAS CITY, KANSAS POLICE DEPARTMENT, and ROCKWELL SECURITY,<br><br>      Defendants. | Case No.: 10-cv-02042-JAR-DJW |

## MEMORANDUM AND ORDER
## DENYING MOTION TO REMAND

This matter comes before the Court on plaintiffs' Michelle Taylor, Dontel Taylor, Yolanda Tillmon, and Robin Ward's Motion to Remand (Doc. 11). Plaintiffs originally filed this action in the District Court of Wyandotte County, Kansas on December 14, 2009, against defendants Red Development, LLC ("Red Development"), the Kansas City, Kansas Police Department, and Rockwell Security, LLC ("Rockwell"). Defendant Red Development filed a Notice of Removal (Doc. 1) on January 21, 2010, and the Kansas City, Kansas Police Department filed a Notice of Consent to Removal (Doc. 3) on January 29, 2010. On March 15, 2010, plaintiffs filed a motion to remand. For the reasons stated below, the Court denies plaintiffs' motion to remand.

Plaintiffs argue this case was removed to federal court before plaintiffs were able to serve process on defendant Rockwell Security, LLC ("Rockwell"). Thus, they contend that Rockwell did not consent to removal, and without unanimous consent of all defendants, the federal court

lacks subject matter jurisdiction. Defendants argue that "Rockwell's consent to removal is not required under 28 U.S.C. § 1446(b) because it was not served or otherwise in receipt of the complaint at the time of removal."[1]

Congress permits a civil action brought in a state court to be removed by the defendant or defendants to the district court for the district where the action is pending, if the district court of the United States has original jurisdiction.[2] The procedure for removal is set out in 28 U.S.C. § 1446, stating in relevant part:

> (a) A defendant or defendants desiring to remove any civil action . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . . . .
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. . . .

Section 1448 provides that, in any case removed from a state court to a district court of the United States, "in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal . . . such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court."[3] However, "[t]his section shall not deprive any defendant upon whom process is served

---

[1] (Doc. 12 at 2.)

[2] 28 U.S.C. § 1441(a).

[3] 28 U.S.C. § 1448.

2

after removal of his right to move to remand the case."[4]  Thus, the statute contemplates that a case might be removed before all defendants have been served.[5]

There are two general grounds for remand: lack of subject matter jurisdiction, or a defect in the removal procedure.[6]  A failure to comply with the requirements of § 1446(b) constitutes a "defect in removal procedure."[7]  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."[8]  Courts generally interpret 28 U.S.C. § 1446(b) to require unanimous consent to removal by all defendants who have been served.[9]  This is called the "unanimity rule," and "notice of removal fails if this procedural requirement is not met."[10]  There are three general exceptions to the unanimity rule: "(1) nominal or formal parties are not required to join in the removal petition; (2) defendants who have not yet been served with process are not required to join; and (3) separate and independent claims may be removed

---

[4]*Id.*

[5]*Wallace v. Microsoft Corp.*, 596 F.3d 703, 707 (10th Cir. 2010).

[6]*McEntire v. Kmart Corp.*, No. CIV 09-0567 JB/LAM, 2010 WL 553443, at *6 (D.N.M. Feb. 9, 2010) (citing 28 U.S.C. § 1447(c); *Bonadeo v. Lujan*, No. CIV-08-0812 JB/ACT, 2009 WL 1324119, at *6 (D.N.M. Apr. 30, 2009)).

[7]*McEntire,* 2010 WL 553443, at *6 (citing *Page v. City of Southfield*, 45 F.3d 128, 131 (6th Cir. 1995)); *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1341 (D. Kan. 1997) (citing *Page*, 45 F.3d at 131).

[8]28 U.S.C. § 1447(c).

[9]*McEntire*, 2010 WL 553443, at *6 (citing *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981)) ("[T]he Tenth Circuit has stated that, where there are multiple defendants, all defendants *served at the time of filing* must join in the notice of removal.") (emphasis added); *Bonadeo*, 2009 WL 1324119, at *7 ("Generally, without service of process having occurred, the court may not exercise jurisdiction over the unserved defendant."); *Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo. 1996).

[10]*McEntire*, 2010 WL 553443, at *6 (citing *Cornwall*, 654 F.2d at 686).

individually under 28 U.S.C. 1441(c)."[11]

Section 1448 permits service of process on a named defendant *after* the case is removed. Consequently, courts have held that, if a named defendant is not yet a party to the case, his consent is not required before the served defendants unanimously agree to file a notice of removal.[12] If an action is removed before all defendants are properly made parties to the case, § 1448 states that a "defendant upon whom process is served *after* removal" does not lose "his right to move to remand the case."[13]

Defendants contend that their Notice of Removal was filed on January 21, 2010, but plaintiffs' motion to remand was not filed until March 15, 2010. Because this Court has original jurisdiction over plaintiff's claims, defendants argue plaintiff's motion to remand on the basis of an alleged procedural defect was untimely. Plaintiffs assert claims for false arrest/imprisonment, discrimination in a place of public accommodation, 42 U.S.C. § 2000a, and violation of their civil rights under 42 U.S.C. § 1982. Because plaintiffs raise two claims under congressional statutes for violation of civil rights, this Court has original jurisdiction under 28 U.S.C. § 1331 and may exercise jurisdiction over plaintiff's state law claim for false arrest/imprisonment

---

[11] *Peoples Nat'l Bank v. Darling*, No. 92-1026-K, 1992 WL 75197, at *2 (D. Kan. Mar. 19, 1992) (citing *Cohen v. Hoard*, 696 F. Supp. 564, 565 (D. Kan. 1988)).

[12] *See McShares*, 979 F. Supp. at 1342 ("The failure to join all proper defendants renders the removal petition procedurally defective. . . . Exceptions exist for the nonjoinder of nominal, unknown, unserved or fraudulently joined defendants.") (citations omitted); *Bonadeo*, 2009 WL 1324119, at *5–*6, *14 (noting that the rule of unanimity is not statutory, but a product of case law); *see also Wolfe v. Green*, 660 F. Supp. 2d 738, 744, 748 (S.D. W.Va. 2009); *Cachet Residential Builders, Inc. v. Gemini Ins. Co.*, 547 F. Supp. 2d 1028, 1031 (D. Ariz. 2007) (holding that only formal service of process on a defendant is sufficient to trigger 1446(b)'s unanimity requirement).

[13] 28 U.S.C. § 1448 (emphasis added); *Bonadeo*, 2009 WL 1324119, at *15 ("Each defendant has [a] right to removal and a right to veto removal.").

pursuant to 28 U.S.C. 1441(c).[14] Plaintiffs' motion to remand is not based on subject matter jurisdiction; rather plaintiffs allege a procedural defect: lack of unanimity of consent among defendants.[15] However, any motion to remand that is not jurisdictional must be brought within thirty days of defendants' notice of removal. Because plaintiffs' motion was brought more than thirty days after defendants' notice of removal, it is untimely under 28 U.S.C. § 1447(c).

Nevertheless, even if the Court considers plaintiffs' procedural argument, it is without legal support. Although Rockwell did not consent to the removal, Rockwell was not a proper party defendant at the time of removal. In fact, defendant Red Development's Notice of Removal expressly states, "Co-defendant Rockwell Security has not been served and thus cannot join in this notice. Co-defendant Kansas City, Kansas Police Department consents to this removal and will file its written consent with this Court."[16] Because Rockwell had not received service of process, Rockwell's consent was not necessary. Plaintiff's motion to remand on this basis is properly denied.

Finally, defendants request "fees and expenses incurred in the research and preparation of this motion pursuant to Fed. R. Civ. P. 11."[17] Rule 11(c)(2), provides as follows:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly

---

[14] 28 U.S.C. § 1441(c) ("Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.").

[15] *See Payne v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006) ("Failure of all defendants to join the removal petition does not implicate the court's subject matter jurisdiction. Rather, it is merely an error in the removal process.").

[16] (Doc. 1 at 3.)

[17] (Doc. 12 at 4.)

> violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . .[18]

Defendants have not filed their request for sanctions separate from their response brief, and the record contains no evidence that they followed the "safe harbor" provision in Rule 11. Thus, the Court finds it inappropriate to award sanctions on this matter.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Remand (Doc. 11) is denied and defendants' request for fees and expenses pursuant to Fed. R. Civ. P. 11 is denied.

**IT IS SO ORDERED.**

Dated: April 7, 2010

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE

---

[18] Fed. R. Civ. P. 11(c)(2).