ams

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHELLE TAYLOR, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | |
| ) | **Case No. 10-2042-JAR** |
| **RED DEVELOPMENT, LLC, et al.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This case was removed from state court on January 21, 2010. At the time of removal, defendant Kansas City, Kansas Police Department's motion to dismiss was pending. On February 10, 2010, this Court docketed the pending motion to dismiss as Doc. 8. Plaintiffs have not responded to the motion.

Under D. Kan. R. 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

As a result of plaintiff's failure to respond, the Court grants defendant's motion.

Furthermore, the Court grants defendants' motion to dismiss because plaintiff fails to state a claim upon which relief can be granted. A court may dismiss a complaint for "failure to

state a claim upon which relief can be granted."[1] To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[2] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[3] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[4] but requires more than "a sheer possibility."[5]

The Kansas City, Kansas Police Department is a subunit of the Unified Government of Wyandotte County and is not subject to suit.[6] Because the Salina Police Department is not an entity subject to suit, the Court grants the instant motion and dismisses plaintiff's claim against the Kansas City, Kansas Police Department.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Kansas City, Kansas Police Department's Motion to Dismiss (Doc. 8) is **granted**.

**IT IS SO ORDERED.**

Dated: April 19, 2010

                                             S/ Julie A. Robinson
                                             JULIE A. ROBINSON
                                             UNITED STATES DISTRICT JUDGE

---

[1] Fed. R. Civ. P. 12(b)(6).

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[3] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[4] *Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009).

[5] *Id.*

[6] *See, e.g.*, *Johnson v. Unified Gov't of Wyandotte County*, No. 99-2407, 2000 WL 278114, at *1 (D. Kan. Feb. 17, 2000) (explaining that the Kansas City, Kansas Police Department is not an entity subject to suit).